UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RITA CAGLIOSTRO,

Plaintiff,

v.

FORREST R. COLLINS,

Defendant.

Case No. C18-425RSM

ORDER DENYING MOTION TO
APPOINT COUNSEL AND ORDER TO
SHOW CAUSE

The instant matter comes before the Court *sua sponte* and on Plaintiff's Motion to Appoint Counsel, Dkt. #12. *Pro se* Plaintiff Rita Cagliostro has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #2. Summons has not yet been issued and no defendant has appeared.

The Court will first address Ms. Cagliostro's Motion to Appoint Counsel. In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir.

ORDER DENYING MOTION TO APPOINT COUNSEL AND ORDER TO SHOW CAUSE - 1

1983). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants. 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

Ms. Cagliostro has failed to set forth exceptional circumstances warranting the appointment of counsel in this case. Furthermore, as stated below, the Court has considered the likelihood of success on the merits in this case and determined that counsel is not warranted prior to Ms. Cagliostro explaining why this case should not be dismissed. Accordingly, this Motion will be denied.

The Court will next address the adequacy of Ms. Cagliostro's Amended Complaint. Ms. Cagliostro's original Complaint was posted on the docket on March 27, 2018. Dkt. #3. On March 27, 2018, the Court issued an Order directing Ms. Cagliostro to file an amended complaint. Dkt. #4.

On April 23, 2018, Ms. Cagliostro filed the Amended Complaint at issue. Dkt. #11. Ms. Cagliostro cites to claims for violation of the Fifth Amendment's due process clause, for discrimination in violation of the Fourteenth Amendment, under certain other regulations and statutes, and for violation of the American Bar Association's rules of professional conduct. *See* Dkt. #11 at 3–4. However, these claims are only mentioned in name, and under a section titled "Cause of Action," Ms. Cagliostro only pleads one cause of action, negligence. *See* Dkt. #11 at 6–14. The events giving rise to this cause of action appear to have occurred solely in the fall of 2013. *See, e.g., id.* at 6 ("On (*date*) October, 24, 2013 at (*place*) Multnomah County Court, the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances…") (parentheticals in

original).  Events occurring more recently in the Amended Complaint appear to relate solely to Ms. Cagliostro's claims of ongoing damages, not new actions of the Defendant.  Ms. Cagliostro's request for relief indicates that she is seeking hundreds of thousands if not millions of dollars in damages related to her legal studies bachelor of science degree being placed on discharge status, as well as $500,000 in punitive damages, $1,000,000 in compensatory damages, and "$3,800,000 for pain and suffering of defamation, triggers of estrangement with my child and mother and loss of years building a real life with both of them."  Dkt. #11 at 15 (emphasis omitted).  In her relief section, Ms. Cagliostro again reiterates that this relief is based on a claim of negligence.  *See id*.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

It appears to the Court that Ms. Cagliostro's claim is untimely.  A claim of negligence under Oregon law must be brought within two years.  Or. Rev. Stat. § 12.110(1).  Even if Washington law somehow applied, a negligence claim must be brought within three years.  RCW § 4.16.080.  Ms. Cagliostro has filed this case more than three years after the events at issue in this case.  The Court also notes that Ms. Cagliostro's requested damages do not appear to be proximately caused by the actions of Defendant.

Considering all of the above, Plaintiff's Amended Complaint fails to state a claim and appears frivolous.  Plaintiff's Complaint suffers from deficiencies that, if not adequately explained in response to this Order, will require dismissal.  *See* 28 U.S.C. § 1915(e)(2)(B).

In Response to this Order, Plaintiff must write a short and plain statement explaining to the Court (1) why her negligence claim is timely, and (2) why this case should not be dismissed

as frivolous. **This Response may not exceed four double-spaced (4) pages**. Plaintiff is not permitted to file attachments. The Court will take no further action in this case until Plaintiff has submitted this Response.

Accordingly, the Court hereby finds and ORDERS:

1) Plaintiff's Motion to Appoint Counsel (Dkt. #12) is DENIED.

2) Plaintiff shall file a Response to this Order to Show Cause containing the detail above **no later than twenty-one (21) days from the date of this Order**. Failure to file this Response will result in dismissal of this case.

3) The Clerk shall send a copy of this Order to Plaintiff at 212 ALASKAN WAY S. #205 SEATTLE, WA 98104.

DATED this 24 day of April, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE