# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

RITA CAGLIOSTRO,

　　　　Plaintiff,

　　v.

FORREST R. COLLINS,

　　　　Defendant.

Case No. C18-425RSM

ORDER RE: ORDER TO SHOW CAUSE

　　The instant matter comes before the Court *sua sponte* on the Court's Order to Show Cause, Dkt. #13. *Pro se* Plaintiff Rita Cagliostro has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #2. Summons has not yet been issued, Defendant Forrest R. Collins has not appeared.

　　Ms. Cagliostro's original Complaint was posted on the docket on March 27, 2018. Dkt. #3. That same day the Court issued an Order directing Ms. Cagliostro to file an amended complaint. Dkt. #4. On April 10, 2018, Ms. Cagliostro filed an improper Motion to Amend her Complaint with attachments. Dkts. #5 and #6. On April 11, 2018, the Court issued an Order directing Ms. Cagliostro to file a new Amended Complaint. Dkt. #9.

　　On April 23, 2018, Ms. Cagliostro filed the Amended Complaint at issue. Dkt. #11. Ms. Cagliostro lists claims for violation of the Fifth Amendment's due process clause, for

ORDER RE: ORDER TO SHOW CAUSE - 1

discrimination in violation of the Fourteenth Amendment, under certain other regulations and statutes, and for violation of the American Bar Association's rules of professional conduct. *See* Dkt. #11 at 3–4. However, these claims are only mentioned in name, and under a section titled "Cause of Action," Ms. Cagliostro only pleads one cause of action, negligence. *See* Dkt. #11 at 6–14. The events giving rise to this cause of action appear to have occurred solely in the fall of 2013. *See, e.g., id.* at 6 ("On (*date*) October, 24, 2013 at (*place*) Multnomah County Court, the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances…") (parentheticals in original). Events occurring more recently in the Amended Complaint appear to relate solely to Ms. Cagliostro's claims of ongoing damages, not new actions of the Defendant. Ms. Cagliostro's request for relief indicates that she is seeking hundreds of thousands if not millions of dollars in damages related to her legal studies bachelor of science degree being placed on discharge status, as well as $500,000 in punitive damages, $1,000,000 in compensatory damages, and "$3,800,000 for pain and suffering of defamation, triggers of estrangement with my child and mother and loss of years building a real life with both of them." Dkt. #11 at 15 (emphasis omitted). In her relief section, Ms. Cagliostro again reiterates that this relief is based on a claim of negligence. *See id.*

Given the above, on April 24, 2018, the Court issued an Order to Show Cause stating that it appeared Ms. Cagliostro's claim was untimely and that her requested damages "do not appear to be proximately caused by the actions of Defendant." Dkt. #13 at 3. The Court directed Plaintiff to write a short and plain statement telling the Court "(1) why her negligence claim is timely, and (2) why this case should not be dismissed as frivolous." *Id.* at 3–4. The

Court stated "**[t]his Response may not exceed four double-spaced (4) pages**" and that attachments were not permitted. *Id.* at 4 (emphasis in original).

On May 9, 2018, Ms. Cagliostro filed a 10-page document. The first page is a single-spaced "Summary." Dkt. 14 at 1. There is also a caption page, "Cover Letter," four page brief, signature page, and two pages of attachments. Although the Court appreciates Ms. Cagliostro's efforts to limit her briefing to four pages, the Court finds that she has included unique arguments in her Summary and Cover Letter, and filed attachments. In sum, Ms. Cagliostro violated the Court's Order to Show Cause by exceeding the page limit in her Response.

Nevertheless, the Court has reviewed Ms. Cagliostro's substantive arguments. With regard to the Court's first question, Ms. Cagliostro argues her negligence claim is timely given Or. Rev. Stat. § 12.160, which tolls the applicable statute of limitation if, "at the time the cause of action accrues the person has a disabling mental condition that bars the person from comprehending rights that the person is otherwise bound to know," such tolling not to exceed five years. *See* Dkt. #14 at 3. She also appears to argue that the discovery rule may apply to her claim, such that she has two years from when she discovered or reasonably should have discovered that she was harmed. *See* Dkt. #14 at 4. Ms. Cagliostro makes frequent reference to her mental health and receiving treatment, stating at one point that she should be "considered disabled due to the complexity of explaining the anomalies of this case injuries." *Id.* at 7. The Court finds that, although her briefing is extremely difficult to follow,[1] she has adequately responded to the Court's first question.

---

[1] For example, Ms. Cagliostro states "My rights cannot be determined unless candor exist. (Trump, Sessions verses [sic] McCabe, News, 2018) Conclusion of the law is satisfied after both/all parties including me have been given opportunity to be heard (Fifth/Fourteenth Amendments)." Dkt. #14 at 5. As another example, Ms. Cagliostro states "Article III assures plaintiff that a federal court hears claims of a crime that is a violation of federal law for kidnapping conspiracy 18 U.S.C. ss 1201 or other kidnapping appropriate law, linking federal and states." *Id.* at 7.

ORDER RE: ORDER TO SHOW CAUSE - 3

The Court's second question asked Ms. Cagliostro to explain why this case should not be dismissed as frivolous. Ms. Cagliostro's Response does not address the Court's concern in a clear manner. At one point, she states "[p]ain and suffering triggers caused proximately from the actions caused by Mr. Collins are clearly recorded with my many clinicians since September 20, 2014 and Social Security Office award specific to triggers and PTSD that I now receive treatment for." *Id.* at 7. She goes on to state, "Mr. Collins proximate causes [sic] in injuries I have been ongoing to treatments for Mondays, Tues, Wednesdays, Thurs and Saturdays in WA and OR every week for Four [sic] and a half years on kidnapping of my child October 29, 2013." *Id.* The Court has re-examined the Amended Complaint after reviewing this Response, and believes that Ms. Cagliostro is asserting a negligence claim against former opposing counsel in a court matter that separated Ms. Cagliostro from her child.[2]

Given all of the above, the Court finds that Ms. Cagliostro has sufficiently pled her claim of negligence for Defendant Collins to be able to respond, and that the standard for dismissal under 28 U.S.C. § 1915(e)(2)(B) has not been met. Accordingly, the Court DIRECTS the Clerk to issue summons in this case. The Clerk shall send a copy of this Order to Plaintiff at 212 ALASKAN WAY S. #205 SEATTLE, WA 98104.

DATED this 14 day of May, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Amended Complaint makes reference to a "court ordered parental mental health evaluation that Forrest Collins was reckless with," and "the opponent that Forrest Collins was providing service for." Dkt. #11 at 11.

ORDER RE: ORDER TO SHOW CAUSE - 4