UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RITA CAGLIOSTRO,

    Plaintiff,

    v.

FORREST R. COLLINS,

    Defendant.

Case No. C18-425 RSM

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

The instant matter comes before the Court on Defendant Forrest R. Collins's Motion to Dismiss, brought under Rule 12(b)(6). Dkt. #24. Plaintiff Rita Cagliostro has not filed a timely opposition to this Motion.[1]

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include

---

[1] The Court notes that Ms. Cagliostro has, since the filing of the instant Motion, filed her own Motion for Summary Judgment, Dkt. #43. The Court has reviewed that filing in an abundance of caution and concludes that it contains no persuasive argument that would alter the Court's conclusions below.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

The Court reviewed Plaintiff's Amended Complaint in a prior Order and stated:

> Ms. Cagliostro lists claims for violation of the Fifth Amendment's due process clause, for discrimination in violation of the Fourteenth Amendment, under certain other regulations and statutes, and for violation of the American Bar Association's rules of professional conduct. *See* Dkt. #11 at 3–4. However, these claims are only mentioned in name, and under a section titled "Cause of Action," Ms. Cagliostro only pleads one cause of action, negligence. *See* Dkt. #11 at 6–14. The events giving rise to this cause of action appear to have occurred solely in the fall of 2013. *See, e.g., id*. at 6 ("On (date) October, 24, 2013 at (place) Multnomah County Court, the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances…") (parentheticals in original). Events occurring more recently in the Amended Complaint appear to relate solely to Ms. Cagliostro's claims of ongoing damages, not new actions of the Defendant.
>
> …
>
> Ms. Cagliostro argues her negligence claim is timely given Or. Rev. Stat. § 12.160, which tolls the applicable statute of limitation if, "at the time the cause of action accrues the person has a disabling mental condition that bars the person from comprehending rights that the person is otherwise bound to know," such tolling not to exceed five years. *See* Dkt. #14 at 3. She also appears to argue that the discovery rule may apply to her claim, such that she has two years from when she discovered or reasonably should have discovered that she was harmed. *See* Dkt. #14 at 4. Ms. Cagliostro makes frequent reference to her mental health and receiving treatment, stating at one point that she should be "considered disabled due to the complexity of explaining the anomalies of this case injuries." *Id*. at 7.
>
> …

> The Court has re-examined the Amended Complaint after reviewing this Response, and believes that Ms. Cagliostro is asserting a negligence claim against former opposing counsel in a court matter that separated Ms. Cagliostro from her child.

Dkt. #15.

Mr. Collins argues that the Court can take judicial notice of court records in this or prior legal proceedings without converting this motion into a summary judgment motion. Dkt. #24 at 2 (citing, *inter alia*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Defendant attaches courtesy copies of certain Oregon state court dockets. *See* Dkt. #25.

Mr. Collins argues that the acts he is alleged to have committed giving rise to a claim of negligence all occurred by October 29, 2013, at the latest, and that under the above Oregon statute of limitations Ms. Cagliostro had until October 29, 2015, to file a timely lawsuit. Dkt. #24 at 10. This case was filed in March of 2018. Mr. Collins asserts that the Amended Complaint fails to allege that Ms. Cagliostro has a disabling mental condition that bars her from comprehending rights that she is otherwise bound to know, the standard under ORS § 12.160. To the contrary, the Amended Complaint indicates that Ms. Cagliostro has aggressively pursued perceived causes of action for kidnapping and other claims in federal and several state courts. *See* Dkt. #11 at 9. This alleged fact is supported by the judicially noticeable evidence submitted by Mr. Collins. *See* Dkt. #25. Mr. Collins also argues that the Amended Complaint fails to allege that there was a delay in when Ms. Cagliostro discovered or should have discovered that she was harmed by Mr. Collins. *See* Dkt. #24 at 11–12.

The Court agrees with Mr. Collins's analysis on timeliness. Ms. Cagliostro's Amended Complaint does not set forth sufficient factual support, taken as true, to assert any exception to the standard statute of limitations for a negligence claim in Oregon, or any jurisdiction for that matter. Even if the Court were to consider Ms. Cagliostro's arguments in other filings as to her

mental state or discovery of her claims against Mr. Collins, Mr. Collins is correct that such arguments contradict the allegations in the Amended Complaint that indicate that Ms. Cagliostro knew or should have known of her claims more than 3 years prior to filing this action, and has had the ability to comprehend her rights and aggressively pursue them. Ms. Cagliostro's negligence claim is properly dismissed under Rule 12(b)(6). Given the above holdings, the Court need not reach Mr. Collins's other arguments for dismissal.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that further leave to amend would be futile given the record and the procedural history of this case.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant Collins's Motion to Dismiss (Dkt. #24) is GRANTED. All of Ms. Cagliostro's claims are DISMISSED.

2) All pending motions are terminated as moot.

3) This case is CLOSED.

4) The Clerk shall send a copy of this Order to Plaintiff at 212 ALASKAN WAY S. #205 SEATTLE, WA 98104.

DATED this 10th day of August 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE